IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TRIVIKRAM REDDY,** § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 3:23-CV-496-E-BT |
| § | (NO. 3:19-CR-597-E-1) |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Trivikram Reddy under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On November 20, 2019, Reddy was charged in a one-count indictment with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. CR ECF No. 1. He initially entered a plea of not guilty. CR ECF No. 13. He later entered into a plea agreement pursuant to which he agreed to plead guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and the government agreed not to bring any additional charges based upon the conduct underlying and related to the guilty plea. CR ECF No. 42. Reddy and his counsel signed the written plea agreement, *id.*, a factual resume, CR ECF No. 41, and a waiver of indictment. CR ECF No. 43. The factual resume set forth the elements of the offense to which Reddy was pleading guilty and the stipulated facts establishing that he had committed the offense. CR ECF No. 41. The plea agreement set forth the maximum penalties that could be imposed including a term of

imprisonment not to exceed twenty years, and reflected that, although Reddy had discussed the guidelines with counsel, no one could predict with certainty the outcome of the Court's consideration of the guidelines, Reddy could not withdraw his plea if the sentence was higher than expected, and that the plea was freely and voluntarily made and not the result of force, threats, or promises. CR ECF No. 42. On September 18, 2020, the government filed a superseding information charging Reddy with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. CR ECF No. 45.

On October 27, 2020, Reddy appeared for rearraignment and testified under oath that: he understood that he should never depend or rely on any statement or promise by anyone as to what sentence would be imposed; he had discussed the guidelines with counsel; he understood that the Court could not determine the guideline range until after preparation of the presentence report ("PSR"); he waived his right to indictment; he had read and understood the superseding information; he understood the essential elements and had committed each of them; he was fully satisfied with his counsel; he had read, understood, and discussed with counsel the plea agreement and factual resume before signing them; he understood that he was agreeing not to contest, challenge, or appeal in any way the government's forfeiture of his property and that he agreed to assist in the forfeiture; that he waived his right to appeal and otherwise challenge his sentence except in limited circumstances; he voluntarily of his own free will entered into the plea agreement; no promises or assurances of any kind were made to induce him to plead guilty; he understood the potential penalties, including imprisonment for up to twenty years; and, the stipulated facts in the factual resume were true. CR ECF No. 67.

The Court sentenced Reddy to a term of imprisonment of 240 months. CR ECF No. 88. He appealed. CR ECF No. 90. Counsel filed a motion to withdraw, noting that he had been retained

for trial only, CR ECF No. 91, and the motion was granted. CR ECF No. 93. Counsel was appointed to represent Reddy on appeal. CR ECF No. 99. The United States Court of Appeals for the Fifth Circuit dismissed the appeal, determining that Reddy had waived his right to appeal and that his ineffective assistance of counsel claim was not cognizable on appeal.[1] CR ECF No. 133.

## II.     GROUND OF THE MOTION

Reddy asserts that he received ineffective assistance because his trial attorney failed to meaningfully discuss his sentencing exposure and made material misrepresentations regarding sentencing and failed to investigate mitigating evidence. ECF No. 1. He contends that but for counsel's unprofessional errors, he would not have entered into a plea agreement. *Id.* at 1. Reddy has not filed a declaration in support of the motion despite the representation that he would do so. *Id.* at 20. The Court is not considering the Declaration of Matthew Pelcowitz[2] attached to Reddy's reply as it was filed after the government filed its response. The document is not a declaration in any event. 28 U.S.C. § 1746. Even if it were, it would not entitle Reddy to any relief. Nevertheless, for the sake of argument, the Court assumes that had Reddy filed a declaration, it would follow the language of the purported declaration. ECF No. 12-1.

---

[1] In his reply, Reddy needlessly quibbles with the government's description of the appeal as frivolous, which it was. ECF No. 12. One who miscites authorities should not cast aspersions. *See* ECF No. 1 at 10 (citing *Jordan v. Epps*, 756 F.3d 395, 420 (5th Cir. 2014), but failing to note that the citation was to a concurring and dissenting opinion); *id. passim* (citing a number of inapposite death penalty cases).

[2] The alleged declarant purports to be an attorney, but he is not an attorney in this case and does not appear to be licensed to practice in the State of Texas.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri*

*v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

Any allegation that Reddy's plea was not knowing and voluntary is belied by the record, which reflects that the plea was made knowingly and voluntarily and with notice of the consequences thereof. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Reddy testified under oath at rearraignment that he had discussed the guidelines with counsel and he understood he should not depend or rely on any statement or assurance by anyone, *no matter who they are*, as to what sentence might be imposed because only the judge could make that decision. CR ECF No. 67 at 8–10. Further, he was fully satisfied with his counsel and his plea was purely voluntary and not induced by any promises. *Id.* at 15, 18–19. He understood that he faced a term of imprisonment of not more than twenty years and that if he received a sentence more than he expected he would not be able to withdraw his plea. *Id.* at 20–21. His solemn declarations in open court are entitled to a

presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The factual resume and plea agreement he signed are also accorded great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). In the factual resume, Reddy stipulated to the facts establishing that he had committed the offense charged by the superseding information. CR ECF No. 41. The plea agreement reflects that that the plea was freely and voluntarily made and not the result of force or threats or promises aside from those set forth in the agreement and that Reddy had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with his attorney's legal representation. CR ECF No. 42. In particular, he had reviewed the guidelines with his counsel, but understood that no one could predict the outcome of the Court's consideration of the guidelines in his case. *Id.* at 3. He has not come forward with any evidence bearing the slightest indicia of reliability to overcome his testimony. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (movant seeking relief on the basis of an alleged promise must prove (1) the exact terms of the promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise).

A plea agreement is not rendered involuntary by the defendant's mere subjective understanding that he will receive a particular sentence. *Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993). Nor is it rendered involuntary because of a misunderstanding based on counsel's inaccurate prediction that a lesser sentence would be imposed. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987). A defendant is not entitled to a hearing based solely on his affidavit contradicting the testimony he gave under oath. *United States v. Smith*, 945 F.3d 860, 863 (5th Cir. 2019); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).

Reddy's allegation that counsel failed to investigate mitigating evidence is wholly unsupported. One who alleges a failure to investigate must show with specificity what the investigation would have revealed and how it would have affected the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Further, complaints of uncalled witnesses are not favored because the presentation of witnesses is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail, the movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable so as to have made a difference in the outcome. *Gregory v. Thaler*, 601 F.3d 347, 352–53 (5th Cir. 2010). Reddy has not made the required showing as to any witness or investigation.

Even if Reddy could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Reddy has not cited to any contemporaneous evidence to show that he would have insisted on going to trial absent counsel's alleged representations, probably because there is none.[3] Reddy's solemn

---

[3] In this regard, Reddy argues that he would not have pleaded guilty had he known he would get the same sentence is he went to trial. ECF No. 1 at 12. The Pelcowitz declaration reflects, however, that counsel had warned Reddy that, if he did not plead guilty to the superseding information, he might be subject to more serious charges that would carry a minimum sentence of twenty years. ECF No. 12-1, ¶ 4. A twenty-year maximum and a twenty-year minimum are vastly different. Contrary to Reddy's argument, it is not vindictive to follow through on a threat made during plea negotiations to bring more serious charges if no plea is reached. *Jordan v. Epps*, 756 F.3d 395, 406–07 (5th Cir. 2014). As long as probable cause exists, the decision to prosecute is within the prosecutor's discretion. *Wayte v. United States*,

declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

      To the extent that Reddy contends counsel was ineffective at sentencing, he has not met his burden. His allegations are not supported by the record.[4] For example, he says that counsel contacted five witnesses, ECF No. 12 at 6, whereas the record reflects that he contacted twenty-five, a lot of whom did not review their EOBs and thus could not say that they had been properly billed for services rendered. CR ECF No. 95 at 156. That counsel "would not hang [his] hat on that $950,000.00" was not "indicative of a failure to engage in a meaningful inquiry," ECF No. 12 at 4, but rather a candid statement to the Court that he would not lie. CR ECF No. 95 at 152. The problem in this case was not ineffectiveness of counsel, but the extensiveness of the fraud undertaken by Reddy. He was not entitled to a percentage of the amounts billed because he billed for services that were not actually performed. The sentencing transcript reflects that counsel was prepared and zealously advocated for Reddy. CR ECF Nos. 83, 94, 95. That Reddy is disappointed in the outcome does not mean that counsel's conduct fell below the *Strickland* standard.

(*This space left blank intentionally*).

---

470 U.S. 598, 607 (1985).

[4] In particular, the insinuation that counsel was unfamiliar with the sentencing guidelines, ECF No. 12 at 2–3, is out of line given that counsel served for a number of years as an assistant U.S. Attorney.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **17th day** of **May, 2024**.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE